UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENNY DYKSTRA,

    Plaintiff,

v

6069321 CANADA INC., SCOTT SATOV,
HOWARD DVORKIN, DEBT.COM, LLC,
and REBOUND MARKETING, LLC

    Defendants.

_____/

CASE NO.: 19-688 (GHW) (SN)



**DEFENDANT'S, SCOTT SATOV, 6069321 CANADA, INC, RESPONSE TO PLAINTIFF LENNY DYKSTRA'S MOTION FOR AUTHORIZATION TO SERVE PROCESS BY ALTERNATIVE MEANS UNDER FED. R. CIV. P. 4(f)(3) and 4(h)(2)**

Thursday, July 4, 2019

                                        Scott Satov, Pro Se
                                        *For Defendant, Scott Satov and 6069321*
                                        *Canada Inc. (an llc)*
                                        SCOTT SATOV
                                        4000 Notre-Dame St W
                                        **Montreal, QC H4C 1R1**
                                        877.995.6269 Ext 700
                                        Email: scotts20192019@gmail.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENNY DYKSTRA,

CASE NO.: 19-688 (GHW) (SN)

    Plaintiff,

v

6069321 CANADA INC., SCOTT SATOV,
HOWARD DVORKIN, DEBT.COM, LLC,
and REBOUND MARKETING, LLC

    Defendants.
_____/

**DEFENDANT'S, SCOTT SATOV, 6069321 CANADA, INC, RESPONSE TO PLAINTIFF LENNY DYKSTRA'S MOTION FOR AUTHORIZATION TO SERVE PROCESS BY ALTERNATIVE MEANS UNDER FED. R. CIV. P. 4(f)(3) and 4(h)(2)**

Defendants, SCOTT SATOV, 6069321 CANADA, INC. hereby responds to Plaintiff's Motion for Authorization to Serve Process by Alternative Means Under Fed. R. Civ. 4(f)(3) and 4(h)(2). Plaintiff failed to effect service in a manner permitted by Fed. R. Civ. P. 4. And Defendants states the following in support:

## BACKGROUND

This Court, in its Order Quashing Service, wrote "a party may effect service outside the United States by "using any form of mail that the *clerk addresses and sends"* and " *service of process under Rule 4(f)(2)(C)(ii) defective when the service is effectuated through the mail by a party other than the Clerk of Court"* and Plaintiff did not comply with Rule *4(f)(2)(C)(ii)* because an employee of the law firm representing Plaintiff—not the Clerk of Court—initiated service upon ... the "Defendants".

Notwithstanding this Court laid bare the method of service *three times*, Plaintiff begs for special treatment. Instead of simply serving defendant's in accordance with Federal Rules, and this Court's Order, Plaintiff moved this Court for Reconsideration last month, then hire a Quebec

2 | P a g e

Huissier to serve the papers, then file another Motion to effectuate service with a form of privilege.

The undersigned never swore to the Quebec Officer of the Court who attempted service.

Plaintiff is trying to paint Defendant in a sketchy light, as if he is trying to 'duck' service, and also perhaps 'fake' email addresses. The undersigned has only filed one email address to be served and it is correct. The other email addresses are also correct.

It is Plaintiff and Plaintiff's counsel themselves who behave as if they are above the law, failing to adhere to the Hague Convention, failing to translate the documents, and failing to serve in accordance to the rules, even when Plaintiff has an available method of easy proper service.

Defendants do not appreciate Plaintiff's counsel falsely accusing Defendant of swearing to an officer of the Quebec Court nor confusing any party with respect to email addresses. The contact information filed with this Court is accurate.

Defendants believe Plaintiffs are wasting this Court's time in a frivolous extortionist strategy.

Count I of the Complaint is for Breach of Contract, yet no Contract is attached to the Complaint.

The asset being sued for is of no value.

## CONCLUSION

Service of Process against Defendants must be comply with Federal Law, Local Statutes, and the Hague Convention. Plaintiff seeks bite after bite, after bite, of the apple attempting to bend the rules. Plaintiff's ought to follow the rules and not be granted any special privilege.

Respectfully submitted,

By:_____
SCOTT SATOV
4000 Notre-Dame St W

3 | P a g e

**Montreal, QC H4C 1R1**
877.995.6269 Ext 700
Email: <u>scotts20192019@gmail.com</u>

Certificate of Service

On April 17, 2019, I filed the "Motion to Quash" with the clerk of court for the U.S. District Court, Southern District of New York. I hereby certify that I have served the attached document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

**Matthew Jason Kokot**
Pierce Bainbridge Beck Price & Hecht LLP
277 Park Avenue, 45th Floor
New York, NY 10017
212-484-9866
Fax: 646-968-4125
Email: mkokot@piercebainbridge.com
*ATTORNEY TO BE NOTICED*

**Eric M. Creizman**
Pierce Bainbridge Beck Price & Hecht LLP
277 Park Avenue, 45th Floor
New York, NY 10017
212-484-9866
Fax: 646-968-4125
Email: ecreizman@piercebainbridge.com
*ATTORNEY TO BE NOTICED*

**Scott Michael Zaslav**
Moskowitz, Mandell, Salim & Simowitz, P.A.
800 Corporate Drive
Suite 500
Fort Lauderdale, FL 33334
954-491-2000
Email: szaslav@mmsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

