```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
```
```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
                                                              DOC #: _____
                                                              DATE FILED: 9/25/2019
```

LENNY DYKSTRA,

            Plaintiff,

-against-

6069321 CANADA, INC. and SCOTT SATOV,

           Defendants,

and

REBOUND MARKETING, LLC,

           Nominal Defendant.

1:19-cv-688-GHW

MEMORANDUM OPINION AND ORDER

GREGORY H. WOODS, District Judge:

    Plaintiff Lenny Dykstra alleges that he is a member of Rebound Marketing, LLC, and that Rebound Marketing's other members have denied him his legal rights as a member. He also invokes the Court's diversity jurisdiction. Because Mr. Dykstra alleges that he is a member of Rebound Marketing and an LLC takes the citizenship of all its members, there is not complete diversity between the parties. Accordingly, Rebound Marketing's motion to dismiss is GRANTED.

## I. BACKGROUND

    Mr. Dykstra is a retired professional baseball player. First Amended Complaint ("FAC"), Dkt No. 23, ¶ 1. In 2016, he signed a contract to become a "Brand Ambassador" for Defendant 6069321 Canada Inc. ("CMI"), "which was owned and run by Defendant Scott Satov." *Id.* "Under the Brand Ambassador contract, Dykstra was obligated to use his 'celebrity status, social media and general media clout' to promote CMI's web-based business, Rebound Finance." *Id.* ¶ 2. Mr. Dykstra alleges that in 2017, he brokered a contract for a joint venture between Rebound Finance and American Media Inc. ("AMI"), for which he was to receive a "25% equity stake in the Rebound Finance business" as part of a superseding agreement. *Id.* ¶ 4-8.

Subsequently, according to the operative complaint, Mr. "Satov negotiated with . . . Debt.com LLC ('Debt.com') to acquire the Rebound Finance business and to create a new entity, Rebound Marketing, LLC ('Rebound Marketing'), of which 51% would be owned by Debt.com, and of which 49% would be owned by CMI and Dykstra." *Id.* ¶ 10. Mr. Dykstra alleges that Debt.com's majority owner, Howard Dvorkin, "negotiated the Rebound Marketing deal with Satov, and did not consult with Dykstra at all, despite the fact that he knew that Dykstra had an ownership interest in the Rebound Finance business." *Id.* ¶ 11. The operative complaint alleges that "[d]espite numerous requests, neither Satov nor any other owner or principal of Rebound Marketing has provided Dykstra with access to the company's books and records." *Id.* Mr. Dykstra alleges that "Satov and Dvorkin used, and continue[] to use[,] Dykstra's name and life story on the Rebound Finance website and to promote the Rebound Finance brand, without Dykstra's permission and without any other right to do so." *Id.* ¶ 12.

## II.    PROCEDURAL HISTORY

On January 23, 2019, Mr. Dykstra filed a complaint naming CMI, Mr. Satov, Mr. Dvorkin, and Debt.com as defendants and Rebound Marketing as a nominal defendant. Dkt. No. 1. Shortly thereafter, the Court issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. Dkt No. 18. Mr. Dykstra filed a response to the order shortly thereafter. Dkt No. 19. He then filed an amended complaint. Dkt No. 23. The amended complaint alleges eleven causes of action under New York law, including breach of contract for both the Brand Ambassador and AMI contracts against CMI, breach of fiduciary duty against CMI and Mr. Satov and Mr. Dvorkin, and tortious interference with a contractual relationship against Debt.com and Dvorkin. On February 22, 2019, Mr. Dykstra filed a notice of voluntary dismissal with prejudice under Rule 41(a)(1)(A)(i) and (B) of the Federal Rules of Civil Procedure dismissing

his claims against Mr. Dvorkin and Debt.com. Dkt No. 33. Thus, only CMI, Mr. Satov, and Rebound Marketing remain as defendants in the case.

On April 11, 2019, Rebound Marketing filed the motion to dismiss the amended complaint (the "Motion") that is now pending before the Court. Dkt No. 54. The Motion argues that the complaint should be dismissed because the Court lacks subject matter jurisdiction and personal jurisdiction and the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (2), (6). Because the Court concludes that it lacks subject matter jurisdiction, it does not reach Rebound Marketing's arguments that the Court lacks personal jurisdiction over it or that Mr. Dykstra has failed to state a claim upon which relief can be granted.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

Before addressing other grounds on which a complaint may be dismissed, "a federal court [must] first resolve[] doubts about its jurisdiction over the subject matter." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Under Rule 12(b)(1), the Court must dismiss a claim when it "lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quotation marks omitted); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) ("A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." (quoting *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007))). When considering a motion made pursuant to Rule 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d at 170 (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

## B. Diversity Jurisdiction

As the basis for this Court's subject matter jurisdiction, Plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy exceeds $75,000. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Mr. Dykstra, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."). Mr. Dykstra "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## IV. DISCUSSION

Rebound Marketing is a limited liability company. *See* FAC, ¶ 10. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). In its Motion, Rebound Marketing notes that Mr. Dykstra alleges "that he is a member and owner of Rebound Marketing." Motion at 2. Therefore, Rebound Marketing argues, for purposes of determining jurisdiction, Mr. Dykstra's citizenship counts on both sides of the "v.": He is the plaintiff and also a member of the Defendant LLC. Rebound Marketing argues that this is sufficient to defeat diversity jurisdiction because there cannot be complete diversity between Mr. Dykstra and Rebound Marketing. Mr. Dykstra raises two arguments in response, which the Court addresses in turn.

4

### A. Rebound Marketing is a Real Party in Interest.

Mr. Dykstra's first argument is that Rebound Marketing is a "nominal defendant." Opposition at 6; *see also* FAC at 1 (naming Rebound Marketing, LLC as a "Nominal Defendant"). "The Supreme Court has held that 'the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.' Accordingly, courts 'must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980)). "A party is 'nominal' when that party has little or no interest in the outcome of the litigation and no cause of action or claim for relief is or could be stated against it." *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D.N.Y. 1996), *aff'd*, 101 F.3d 888 (2d Cir. 1996) (brackets and citation omitted); *see also Pac. Westeel Racking, Inc. v. Evanston, Ins. Co.*, 2008 WL 400935, at *3 (S.D.N.Y. Feb. 14, 2008) (quoting *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981)) ("A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf as the case may be."). "The burden of proving a party is nominal falls on the party who is claiming nominal status." *Zerafa v. Montefiore Hosp. Housing Co., Inc.*, 403 F.Supp.2d 320, 325 (S.D.N.Y. 2000) (citation omitted).

Mr. Dykstra argues that Rebound Marketing is a nominal defendant in this lawsuit because "there are no claims asserted against Rebound Marketing and Dykstra makes no allegations of any wrongdoing by Rebound Marketing." Opposition at 8. Rather, according to Mr. Dykstra, the complaint alleges "that CMI and Satov reorganized the Rebound Finance business under Rebound Marketing as part of their efforts to deny that Dykstra had ownership interests in the business, and to deprive him of the rights and benefits of ownership." *Id.* (citation omitted).

This argument is unconvincing. Although Mr. Dykstra has not asserted any causes of action against Rebound Marketing, its interests are central to the relief he requests in this case. Among

other relief, Mr. Dykstra seeks a preliminary and permanent injunction "prohibiting any transfers of funds, directly or indirectly, from Rebound Marketing to CMI, Satov, Debt.com, and Dvorkin," enabling "his auditors to examine Rebound Marketing's books and records," and "[a]ppointing a receiver pendite lite for Rebound Marketing[.]" FAC at 17. Mr. Dykstra also seeks a declaration from the Court that he "has membership interests in Rebound Marketing." *Id.* Thus, Rebound Marketing does not have "little or no interest in the outcome of [this] litigation." *Still*, 927 F. Supp. at 129. Quite to the contrary, it has a substantial interest in avoiding the burdens that Mr. Dykstra seeks to impose on it. Thus, the Court finds that Rebound Marketing is a real party in interest.

### B. Because Mr. Dykstra Has Alleged That He Is a Member of Rebound Marketing, Complete Diversity Does Not Exist.

Mr. Dykstra argues in the alternative that even if Rebound Marketing is a real defendant in interest, its citizenship should not destroy diversity in this case. He urges the Court to adopt the rule of *Weltman v. Silna*, which he claims stands for the proposition that "where membership in an LLC is disputed[,] a plaintiff's allegations of membership [do not] govern the determination of citizenship." 879 F.2d 425 (8th Cir. 1989). Whatever the merits of *Weltman* when it was decided, it is no longer good law after the Supreme Court's holding in *Carden v. Arkoma Associates* that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" 494 U.S. 185, 195 (1990); *see also Boulder Creek Co. v. Maruko, Inc.*, 772 F. Supp. 1150, 1153 (C.D. Cal. 1991) (observing that a defendant's "reliance on . . . *Weltman* is misplaced because [it was] decided *before Carden*. . . . The Eighth Circuit in *Buckley v. Control Data Corp.*, 923 F.2d 96 (8th Cir. 1991), has concluded that *Carden* changed limited partnership diversity law.") (emphasis in original)).

In any case, the Court is bound by two black-letter rules in this Circuit. First, "the court must take all facts alleged in the complaint as true[.]" *Raila*, 355 F.3d at 119 . And second, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank*, 692 F.3d at 49; *see also Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 450-51 (S.D.N.Y. 2014)

("Where a member of an LLC sues the LLC, that member's citizenship is taken into account for the purposes of determining the LLC's membership. Thus, in general, a plaintiff who is a member of an LLC cannot bring a diversity action against the LLC.) (citations omitted).

Mr. Dykstra alleges that he is a member of Rebound Marketing. *See, e.g.*, FAC ¶ 35 ("After Rebound Marketing was formed, Satov and Dvorkin excluded Dykstra from his rights and benefits as a member of the company."). Therefore, Rebound Marketing takes Mr. Dykstra's citizenship as its own—and diversity jurisdiction does not exist. Other district courts confronting similar arguments have agreed. *See Harms v. Pebble Creek, LLP*, 2015 U.S. Dist. LEXIS 110559, at *4-5 (S.D. Ind. Aug. 20, 2015); *Ahmed v. Khanijow*, 2011 U.S. Dist. LEXIS 90559, at *10-19 (E.D. Mich. Aug. 15, 2011). Accordingly, the Court GRANTS Rebound Marketing's motion to dismiss for lack of subject matter jurisdiction.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 25, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge